BLD-129                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————————

No. 26-1697
————————

IN RE: KEVINO GRAHAM,
                                                            Petitioner
———————————————————————————

On a Petition for Writ of Mandamus to the
United States District Court for the Eastern District of Pennsylvania
(Related to 2:14-cr-00623-001)
———————————————————————————

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 7, 2026
Before:  KRAUSE, MATEY, and BOVE, *Circuit Judges*

(Opinion filed July 8, 2026)
————————

OPINION[*]
————————

PER CURIAM

    Petitioner Kevino Graham, a federal prisoner proceeding pro se, has filed a

petition for a writ of mandamus requesting that we compel the District Court overseeing

his criminal and postconviction proceedings to "dismiss Count 3" based on a

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

"constructive amendment of the indictment." For the following reasons, we will deny the petition.

In 2016, a jury in the United States District Court for the Eastern District of Pennsylvania found Graham guilty of sex trafficking by force and attempting to commit that offense in violation of 18 U.S.C. §§ 1591 and 1594. After denying Graham's motion for judgment of acquittal, the District Court sentenced him to 100 years of imprisonment. He has since continued, unsuccessfully, to seek relief on direct appeal and in post-conviction proceedings.[1]

In March 2026, Graham filed this mandamus petition, asking us to compel the District Court to "dismiss" the third count of his indictment. According to Graham, there was an impermissible constructive amendment of his indictment because he was allegedly indicted for sex trafficking of children but tried—and convicted—for sex trafficking by force, fraud, or coercion.[2] He believes these are separate offenses under

---

[1] Graham proceeded pro se on direct appeal, and his conviction was summarily affirmed; a second direct appeal was dismissed for lack of jurisdiction. *See* C.A. Nos. 17-3593 & 18-2268. The District Court denied his § 2255 motion, and we declined to issue a certificate of appealability. *See United States v. Graham*, No. 20-1631, 2020 WL 9596841, at *1 (3d Cir. Oct. 23, 2020), *cert. denied* 141 S. Ct. 2655 (2021). As discussed below, Graham has also unsuccessfully challenged his conviction in this Circuit numerous times.

[2] Graham raised a similar argument in his motion for judgment of acquittal, which was rejected by the District Court. His argument here reflects a continued misunderstanding of 18 U.S.C. § 1591, which plainly criminalizes any sex trafficking of minors *and* sex trafficking of adults by use of force, fraud, or coercion, as well as a misreading of *United States v. McIntyre*, 612 F. App'x 77, 81 (3d Cir. 2015) (non-precedential), on which his

2

§ 1591 and that consequently, the government was required to obtain a new grand jury indictment.

A writ of mandamus is a drastic remedy that is available only in extraordinary circumstances. *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires; (2) the party's right to issuance of the writ is clear and indisputable; and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (citation modified). Graham has not made that showing here.

The argument Graham raises attacks his criminal conviction and could have been raised on direct appeal. *See In re Briscoe*, 448 F.3d 201, 212-13 (3d Cir. 2006). But mandamus is not a substitute for an appeal, and "a writ of mandamus may not issue if a petitioner can obtain relief by appeal." *Madden v. Myers*, 102 F.3d 74, 77 (3d Cir. 1996); *see Helstoski v. Meanor*, 442 U.S. 500, 506 (1979) (explaining that a court will not issue a writ of mandamus where the petitioner "could readily have secured review of the ruling complained of and all objectives now sought, by direct appeal").

Further, a § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to collaterally challenge the validity of a conviction or sentence. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). To the extent that Graham

---

baseless theory relies.

asks this Court to compel the District Court to adjudicate another collateral attack on his conviction, he must comply with the gatekeeping requirements prescribed by 28 U.S.C. §§ 2244 and 2255(h). He may not use a mandamus petition to evade them. *Cf. Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam); *United States v. Baptiste*, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam).

We also observe that the District Court has imposed a filing injunction in the underlying criminal case prohibiting Graham from filing improper and frivolous motions.[3] Graham has filed over two dozen such motions in the District Court, many of which were premised on an erroneous interpretation of § 1591. He has also repeatedly filed meritless petitions or appeals in this Court.[4] We warn Graham that further baseless litigation may result in the imposition of sanctions or filing injunctions.

Accordingly, we will deny Graham's mandamus petition. To the extent Graham requests any additional relief, it is also denied.

---

[3] We note that Graham has flouted this order by filing a motion for compassionate release, followed by other frivolous motions that the Clerk refused to docket.

[4] Excluding matters closed based on filing defects, this Court has denied: (1) three of Graham's applications for certificates of appealability from denials of his § 2255 and Rule 60(b) motions, *see* C.A. Nos. 20-1631, 22-1254, & 22-2757; (2) four § 2244 applications, *see* C.A. Nos. 22-1291, 22-3178, 23-2690, & 26-1055; (3) five prior mandamus petitions, *see* C.A. Nos. 21-2944, 22-1989, 24-1177, 24-1756, & 25-2862; and (4) relief in at least one compassionate release appeal. *See* C.A. No. 24-3267.